IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE STEVEN BONILLA,<br><br>    Plaintiff.<br>_____/<br><br>ORDER OF DISMISSAL;<br>TERMINATING ALL PENDING<br>MOTIONS | Nos. C 11-2612 CW (PR)<br>     C 11-2613 CW (PR)<br>     C 11-2614 CW (PR)<br>     C 11-2615 CW (PR)<br>     C 11-2617 CW (PR)<br>     C 11-2637 CW (PR)<br>     C 11-2650 CW (PR)<br>     C 11-2654 CW (PR)<br>     C 11-2655 CW (PR)<br>     C 11-2656 CW (PR)<br>     C 11-2657 CW (PR)<br>     C 11-2681 CW (PR)<br>     C 11-2707 CW (PR) |

    Plaintiff Steven Bonilla has been sentenced to death by the Superior Court of California for the County of Alameda. He is incarcerated at San Quentin State Prison. Although his State habeas case currently is being litigated, he filed a request for appointment of counsel for his future federal habeas litigation in this Court. See Bonilla v. Ayers, No. C 08-0471 CW (PR). Pursuant to Habeas Local Rule 2254-25, this Court granted his request for appointment of counsel and referred the matter to the Northern District's Selection Board for the recommendation of qualified counsel to represent Plaintiff in his federal habeas proceedings. Additionally, pursuant to Habeas Local Rule 2254-24(a), the Court granted Plaintiff's concurrent request for a stay of execution. (Docket no. 3.)

    Although Plaintiff's State habeas case is pending, Plaintiff has filed numerous pro se requests and motions in C 08-0471. All of the requests and motions have been denied by this Court or withdrawn by Plaintiff. In particular, on February 16, 2011, the Court issued an Order telling Plaintiff that no further filings

regarding CR 88-259 MISC AJZ (Grand Jury proceedings) would be accepted by this Court. (Docket no. 34.) Additionally, the Court dismissed with prejudice <u>In re: Steven Wayne Bonilla</u>, No. C 11-0441 CW (PR), a <u>pro se</u> complaint filed by Plaintiff regarding CR 88-259 MISC AJZ. (<u>Id.</u>) Most recently, on March 29, 2011, the Court denied several more <u>pro se</u> motions filed by Plaintiff in C 08-0471. In doing so, the Court wrote:

> As this Court has stated multiple times, Petitioner's state habeas case is still pending in the state court. The Court reiterates to Petitioner that challenges to his state trial conviction must be reviewed by the state courts before being considered by the federal court. Until that time, Petitioner's various claims in his pro se pleadings are not ripe for this Court to consider.

(Docket no. 54 at 2:16-22.)

Now pending before the Court are thirteen civil rights actions filed by Plaintiff <u>pro se</u> under 42 U.S.C. § 1983. None of the allegations in Plaintiff's complaints, however, states a claim for relief under § 1983. "'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" <u>Hill v. McDonough</u>, 547 U.S. 573, 579 (2006) (quoting <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004)). Thus, to the extent a prisoner maintains he is entitled to "immediate or speedier release" from confinement, such a claim may be asserted only in a petition for a writ of habeas corpus. <u>See</u> <u>Skinner v. Switzer</u>, 131 S. Ct. 1289, 1293 (2011)(internal citation and quotation omitted).

Here, in an apparent attempt to circumvent this Court's prior

1  admonition to Plaintiff that no further filings regarding CR 88-259
2  MISC AJZ would be accepted by the Court and that additional unripe
3  <u>pro se</u> motions in C 08-0471 would be denied, Plaintiff has filed
4  the instant civil rights complaints in which he seeks access to
5  certain discovery, witness testimony, declarations and other
6  information that he claims would render his death penalty
7  conviction invalid, including information regarding CR 88-259 MISC
8  AJZ.  Because all of Plaintiff's civil rights complaints seek
9  relief that must be pursued by way of habeas corpus, all of the
10 instant civil rights actions are hereby DISMISSED without prejudice
11 to Plaintiff's bringing his claims in a federal habeas petition.
12 <u>See</u> <u>Trimble v. City of Santa Rosa</u>, 49 F.3d 583, 586 (9th Cir.
13 1995).  Plaintiff is reminded, however, that he must heed the
14 Court's prior admonitions before filing additional <u>pro se</u> matters
15 in C 08-0471.

16      Additionally, because the Court has determined that none of
17 the instant civil rights complaints can proceed as a civil rights
18 action but, instead, must be dismissed, the Clerk of the Court is
19 hereby DIRECTED to terminate, in each action, Plaintiff's pending
20 motion to proceed <u>in forma</u> pauperis.  <u>No filing fee is due.</u>

21      The Clerk of the Court shall enter judgment in each of the
22 above civil rights actions, terminate all pending motions therein,
23 and close the files.  <u>The Clerk of the Court also shall file a copy</u>
24 <u>of this Order in C 08-0471</u>.

25      IT IS SO ORDERED.

26
    Dated: 6/13/2011
27                                     _____
                                       CLAUDIA WILKEN
28                                     UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

IN RE STEVEN BONILLA,

/

Case Number: C 11-2612 CW (PR)
C 11-2613 CW (PR)
C 11-2614 CW (PR)
C 11-2615 CW (PR)
C 11-2617 CW (PR)
C 11-2637 CW (PR)
C 11-2650 CW (PR)
C 11-2654 CW (PR)
C 11-2655 CW (PR)
C 11-2656 CW (PR)
C 11-2657 CW (PR)
C 11-2681 CW (PR)
C 11-2707 CW (PR)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 13, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Wayne Bonilla
San Quentin State Prison
Prisoner No. J-48500
San Quentin, CA 94974

Dated: June 13, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

4